The basis of this legal malpractice action is that the lawyers for the seller of a right of redemption in certain real estate were guilty of legal malpractice, which would have occurred in 1985, preceding the enactment of any of the provisions of the Alabama Legal Services Liability Act, Ala. Code 1975, §§ 6-5-570 through 6-5-581.
Does a lawyer representing a seller of a right of redemption have an obligation to ascertain what the purchaser of that right of redemption intends to do with the property redeemed and to inform the seller of the purchaser's intent?
A lawyer has no such obligation when he or she does not represent the seller in obtaining a purchaser or setting the purchase price.
I would affirm the trial court's summary judgment for the defendant lawyers on the legal malpractice and negligence claims.
I would affirm the trial court's summary judgment for the defendant lawyers on the fraud claim based on the authority of that portion of Reeves v. Porter, 521 So.2d 963, 967-68 (Ala. 1988), quoted in the majority opinion.
MADDOX, J., concurs.